STEPHEN M. TILLERY *(pro hac vice)*
   stillery@koreintillery.com
STEVEN M. BEREZNEY (Bar No. 329923)
   sberezney@koreintillery.com
GARRETT R. BROSHUIS (Bar No. 329924)
   gbroshuis@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Attorneys for Plaintiffs Taylor Smart and Michael Hacker, Individually and on Behalf of All Those Similarly Situated

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| TAYLOR SMART AND MICHAEL HACKER, Individually and on Behalf of All Those Similarly Situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>    Defendant. | CASE NO. 2:22-cv-02125-WBS-KJN<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>**JURY TRIAL DEMANDED** |

Pursuant to Local Rule 230(m)(2), Plaintiffs provide notice of the soon-to-be-published Ninth Circuit decision of *Epic Games, Inc. v. Apple, Inc.*, No. 21-16506, -- F.4th --, 2023 WL 3050076 (9th Cir. Apr. 24, 2023). The decision is relevant to multiple issues raised in the NCAA's motion to dismiss, including:

(1) By clarifying that the Ninth Circuit has "never held that a precise market definition is an absolute requirement 'in any antitrust case'" and explaining that sometimes the Rule of Reason can be performed "without first defining the exact contours of the relevant market", *id.* at *10 n.6;

(2) Finding that "the district court erred by imposing a categorical rule that an antitrust market can never relate to a product that is not licensed or sold" because "there may be markets where companies offer a product to one side of the market for free but profit in other ways", *id.* at *14;

(3) Finding that the district court erred by holding that an agreement is exempt from antitrust scrutiny where "one party set terms and the other party reluctantly acquiesced", *id.* at *16;

(4) Finding a violation of California's Unfair Competition Law when the Sherman Act had not been violated, *id.* at *31-34.

DATED: April 26, 2023

>By: /s/ *Garrett R. Broshuis*
>KOREIN TILLERY, LLC
>Stephen M. Tillery (*pro hac vice*)
>Steven M. Berezney
>Garrett R. Broshuis
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing.

>/s/ *Garrett R. Broshuis*

2   NO. 2:22-cv-02125-WBS-KJN
**Plaintiffs' Notice of Supplemental Authority**