CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
Carolyn.Luedtke@mto.com
JUSTIN P. RAPHAEL (State Bar No. 292380)
Justin.Raphael@mto.com
CHRISTOPHER CRUZ (State Bar No. 346128)
Christopher.Cruz@mto.com
JAVIER KORDI (State Bar No. 348358)
Javier.Kordi@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

*Attorneys for Defendant National
Collegiate Athletic Association*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR SMART AND MICHAEL HACKER, individually and on behalf of all those similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>    Defendant. | Case No. 2:22-cv-02125<br><br>**DEFENDANT NCAA'S ADMINISTRATIVE MOTION TO CONTINUE HEARING ON MOTION TO TRANSFER VENUE AND MOTION TO DISMISS**<br><br>Judge:    Hon. William B. Shubb |

A hearing on Defendant National Collegiate Athletic Association's ("NCAA") motions to transfer venue, or, if transfer is denied, dismiss Plaintiffs' complaint in this action, *Smart v. NCAA*, is currently scheduled for Monday May 15, 2023.  Dkt. Nos. 6, 7.  The Court has related this action to another action against the NCAA pending in this district, *Colon, et al., v. NCAA*, 1:23-cv-00425-WBS-KJ.  Dkt. No. 16 (March 27, 2023).  Pursuant to Local

Rule 233 and Federal Rule of Civil Procedure 6(b), the NCAA respectfully requests that the Court continue the May 15, 2023 hearing in *Smart* to July 24, 2023, which is the date on which the NCAA intends to notice a hearing for motions in *Colon* presenting several very similar issues so that the Court can hold a single hearing and put the related cases on the same schedule.

Counsel for the *Smart* plaintiffs did not consent to the NCAA's request. Accordingly, the NCAA has filed this Administrative Motion. Counsel for the *Smart* plaintiffs have indicated that they would file any response to this Administrative Motion by Wednesday, May 10, 2023. Pursuant to the Court's Case Management Procedures, counsel for NCAA conferred with the Court's Courtroom Deputy prior to the filing of this motion.

Plaintiffs in *Colon* filed an Amended Class Action Complaint last Thursday, May 4, 2023. Dkt. No. 19, 1:23-cv-00425-WBS-KJ. The NCAA intends to file motions responding to the Amended Complaint in *Colon* by this month and intends to notice those motions for hearing on July 24, 2023. Defendant NCAA requests that the Court continue the *Smart* hearing to that date. With the Court's permission, Defendant NCAA will then notice its motions in the *Colon* action for the same date and time, to enable the Court to hold a combined hearing.

Defendant NCAA respectfully submits that holding a single hearing on the motions with respect to the pleadings in *Smart* and *Colon* and with respect to the motion to transfer will streamline

DEFENDANT NCAA'S ADMINISTRATIVE MOTION TO CONTINUE HEARING ON MOTION TO TRANSFER VENUE AND MOTION TO DISMISS

the litigation and conserve Court and party resources.  As the Court recognized in its Order Relating Cases, "both cases are putative class actions similarly alleging that the [NCAA's] bylaw provision concerning volunteer coaches violates the Sherman Act. Accordingly, the assignment of the matters to the same judge is likely to effect a substantial saving of judicial effort and is also likely to be convenient for the parties."  Dkt. No. 16, at *2.  A single hearing on pleadings motions in both *Smart* and *Colon* will likewise be efficient because the NCAA anticipates that its motions with respect to the *Colon* complaint will present very similar issues as the motions set for hearing in the *Smart* action. Further, regardless of whether the cases are transferred, dismissed with leave to amend or proceed past the pleadings, it will be efficient to have related cases proceeding on the same schedule.

Plaintiffs in the *Smart* action will not be prejudiced by a continuance of roughly two months for a hearing on the NCAA's motions directed to their complaint.  Any inconvenience from that delay would be outweighed by the efficiencies of a joint hearing and having related cases on the same schedule.  Plaintiffs volunteered as coaches pursuant to the challenged bylaws between 2018 and 2021.  Compl. ¶¶ 6-7.  But Plaintiffs are not currently

working as volunteer coaches and the NCAA has repealed the challenged bylaws effective July 2023.[1]

---

[1] *See Division I Proposal 2022-28: Athletics Personnel and Recruiting – Limitations on the Number of Coaches and Off-Campus Recruiters and Recruiting Coordination Functions*, https://web3.ncaa.org/lsdbi/search/proposalView?id=106853 (last visited May 7, 2023).

Respectfully submitted,

DATED: May 8, 2023                MUNGER, TOLLES & OLSON LLP


                                  By:   */s/ Carolyn Hoecker Luedtke*
                                        CAROLYN HOECKER LUEDTKE

                                        *Attorneys for Defendant National Collegiate Athletic Association*