UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TAYLOR SMART AND MICHAEL HACKER, Individually and on Behalf of All Those Similarly Situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br>　　　　　Defendant. | No. 2:22-cv-02125 WBS KJN |
| JOSEPH COLON, SHANNON RAY, KHALA TAYLOR, PETER ROBINSON, KATHERINE SEBBAME, and PATRICK MEHLER, individually and on behalf of all those similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>Defendant. | No. 1:23-cv-00425 WBS KJN |

1

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for **August 28, 2023,** and makes the following findings and orders without needing to consult with the parties any further.

I.   SERVICE OF PROCESS

All defendants have been served, and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

II.  JOINDER OF PARTIES/AMENDMENTS

The court has approved the parties' joint stipulation, requesting that the court extend the deadline for defendant to answer plaintiffs' Complaints.  (See Smart Docket No. 36.) Pursuant to the stipulation, defendant shall file its Answers to plaintiffs' Complaints by August 31, 2023.  No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

III. JURISDICTION/VENUE

The court has federal question jurisdiction, 28 U.S.C. §§ 1331 and 1337, because plaintiffs bring this putative class action pursuant to §§ 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26, and for violations of § 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.  The court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

2

Plaintiffs also allege that the court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332, because (1) the amount in controversy exceeds $5,000,000; (2) there are members of the proposed classes who are citizens of a different state than defendant; and (3) there are 100 or more members in the proposed class.

Venue is undisputed and hereby found to be proper.

IV.  DISCOVERY

The parties in the Smart and Colon cases agree to coordinate discovery and other proceedings, when appropriate, to avoid duplication.

The parties agreed to serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by **August 21, 2023.**  The parties have held their Rule 26(f) conference. The parties in the Smart case have engaged in minimal venue-related discovery.  (Id. at 8.)  The Smart plaintiffs issued their first set of document requests to defendant on August 16, 2023.  The parties in the Colon case have engaged in no discovery.  (Id. at 9.)

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than **January 7, 2025.**  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before **February 7, 2025.**

Defendant asks that the court bifurcate discovery so that discovery related to class certification occurs first, and discovery related to the merits of the claims occurs after the

3

court has issued a decision on class certification.  (JSR at 12.) Plaintiff believes that bifurcating discovery is inefficient and impractical because there will be considerable overlap between class certification discovery and merits discovery.  (Id.)

Further, the JSR includes very specific discovery requests, including anticipated subjects of discovery, production of documents, a potential protective order, authenticity of documents, electronic discovery, interrogatories, and depositions.  (See id. at 9-17.)  The parties also request different deadlines for fact and expert discovery.  (Id. at 19-21.)

In the Eastern District of California, discovery is managed by the assigned Magistrate Judge.  Thus, this Order will not address whether to bifurcate discovery or any of the parties' specific discovery requests.  The parties may make any discovery requests or file any discovery related motions with Judge Newman.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by **March 7, 2025.**  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than **March 7, 2025.**

V.   MOTION HEARING SCHEDULE

4

Plaintiffs' motion for class certification shall be filed on or before **August 2, 2024.** Defendant's opposition to the motion and plaintiffs' reply to the opposition shall be filed in accordance with Local Rule 230.[1]

All other motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before **April 25, 2025.** All motions shall be noticed for the next available hearing date. Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VI.  FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **July 14, 2025,** at 1:30 p.m. in Courtroom No. 5. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements. In addition to

---

[1] The parties request specific dates for defendant's Opposition and plaintiffs' Reply. Further, the parties request a specific date for the hearing on the motion for class certification. The parties may stipulate to such a briefing schedule at the time plaintiffs file their motion for class certification. The date selected by the parties is not one of the court's regularly scheduled law and motion days. Counsel is cautioned to review the court's calendar when noticing the motion for class certification.

5

those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto. If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VII. TRIAL SETTING

The jury trial is set for **September 16, 2025** at 9:00 a.m. The parties estimate that the trial will last up to 3 weeks.

VIII. SETTLEMENT CONFERENCE

The parties represent that they are amenable to private mediation by an agreed-upon mediator and will continue to have discussions about the appropriate time for mediation. (JSR at 18.) If a resolution is not reached through private mediation by the time of the Pretrial Conference, a Settlement Conference with a magistrate judge will be set at that time. Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven calendar days before the Settlement Conference counsel for each party shall

submit a confidential Settlement Conference Statement for review by the settlement judge. The Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX. <u>MODIFICATIONS TO SCHEDULING ORDER</u>

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

IT IS SO ORDERED.

Dated: August 23, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE