CAROLYN H. LUEDTKE (State Bar No. 207976)
Carolyn.luedtke@mto.com
JUSTIN P. RAPHAEL (State Bar No. 292380)
Justin.Raphael@mto.com
CHRISTOPHER CRUZ (State Bar No. 346128)
Christopher.Cruz@mto.com
JAVIER KORDI (State Bar No. 348358)
Javier.Kordi@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for *Defendant National Collegiate Athletic Association*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR SMART AND MICHAEL HACKER, individually and on behalf of all those similarly situated,<br><br>　　　Plaintiffs,<br><br>　　vs.<br><br>NATION COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>　　　Defendant. | Case No. 2:22-cv-02125<br><br>**NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>Judge: Hon. William B. Shubb |

Defendant National Collegiate Athletic Association ("Defendant" or "NCAA") hereby answers the Class Action Complaint (the "Complaint") of Plaintiffs Taylor Smart and Michael Hacker ("Plaintiffs"). Defendant generally denies each and every allegation except those hereinafter specifically admitted. Defendant has included the headings reflected in the Complaint to aid the Court in reviewing the Defendant's Answer. To the extent these headings include factual allegations, Defendant expressly denies each and every allegations. Defendant further answers the numbered paragraphs of the Complaint as follows:

## INTRODUCTION

1.   The allegations in Paragraph 1 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

2.   Defendant admits that many NCAA member schools compete with each other for college baseball coaches, but to the extent Paragraph 2 alleges NCAA member schools compete *only* with "each other" for college baseball coaches, Defendant denies such an allegation. Defendant admits the NCAA member schools and conferences adopted Division I Bylaw 11.7.6, which imposed limits on the number of paid baseball coaches member institutions could hire, and Division I Bylaw 11.7.6.2.3, which  permitted a certain number of volunteer baseball coaches to be hired in excess of the paid-coach limits. Defendant further admits the NCAA member schools and conferences adopted  Division I Bylaw 11.01.6, which defined a volunteer coach as one "who does not receive compensation or remuneration from the institution's athletics department or any organization funded in whole or in part by the athletics department or that is involved primarily in the

1  promotion of the institution's athletics program." Defendant

2  further admits the NCAA member schools and conferences in January

3  2023 agreed to pass Division I Proposal 2022-28, effective July

4  1, 2023, which repealed Division I Bylaws 11.01.6 and 11.7.6.2.3

5  and thereby eliminated the volunteer coach designation and

6  increased the number of countable coaches permitted in applicable

7  sports, including baseball. Defendant denies all remaining

8  allegations in Paragraph 2.

9          3.    Defendant admits the NCAA member schools and

10  conferences adopted Division I Bylaw 11.7.6, which imposed limits

11  on the number of paid baseball coaches member institutions could

12  hire, and Division I Bylaw 11.7.6.2.3, which  permitted a certain

13  number of volunteer baseball coaches to be hired in excess of the

14  paid-coach limits. Defendant further admits the NCAA member

15  schools and conferences adopted  Division I Bylaw 11.01.6, which

16  defined a volunteer coach as one "who does not receive

17  compensation or remuneration from the institution's athletics

18  department or any organization funded in whole or in part by the

19  athletics department or that is involved primarily in the

20  promotion of the institution's athletics program." Defendant

21  otherwise lacks knowledge or sufficient information to form a

22  belief as to the truth of individual coaches' skill levels, job

23  duties, and the "value" of services provided by these coaches to

24  member schools, and on that basis denies the allegations.

25          4.    The allegations in Paragraph 4 are legal arguments

26  or conclusions to which no response is required.  To the extent a

27  response is deemed required, Defendant denies the allegations.

28

5.   The allegations in Paragraph 5 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

### **PARTIES, JURISDICTION AND VENUE**

6.   Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 6, and on that basis denies them.

7.   Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 7, and on that basis denies them.

8.   Defendant admits that it is an unincorporated association that maintains its principal place of business in Indianapolis, Indiana.  Defendant admits there are approximately 1,100 member schools across Divisions I, II, and III, and its membership includes public and private universities and colleges. Defendant denies any other implication of the allegations in Paragraph 8.

9.   The allegations in Paragraph 9 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

10.   The allegations in Paragraph 10 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

11.   The allegations in Paragraph 11 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

1    12.   The allegations in Paragraph 12 are legal

2    arguments or conclusions to which no response is required.   To

3    the extent a response is deemed required, Defendant denies the

4    allegations.

5    13.   Defendant admits that it conducts business

6    affecting interstate commerce and its member schools use

7    instruments of interstate commerce to carry out their operations.

8    The remaining allegations of Paragraph 13 are legal arguments or

9    conclusions to which no response is required.   To the extent a

10   response is deemed required, Defendant denies such allegations.

11   14.   Defendant admits Division I Bylaw 11.01.6, as it

12   last appeared in the 2022-23 Division I Manual before its repeal

13   in 2023,  applied to any volunteer coach who may have worked for

14   an NCAA Division I baseball team located in this District and

15   some of those teams may have competed in games in this District.

16   Defendant lacks knowledge or sufficient information to form a

17   belief as to the truth of the allegation that one Plaintiff and

18   other members of the Proposed Class reside or work in this

19   District, and on that basis denies them. The remaining

20   allegations in Paragraph 14 are legal arguments or conclusions to

21   which no response is required.   To the extent a response is

22   deemed required, Defendant denies the allegations.

23   15.   Defendant admits its member institutions

24   participate in organizing intercollegiate athletic contests that

25   take place in this State and District, and the NCAA occasionally

26   hosts championships for sports in this State and District.

27   Except as admitted above, the allegations in Paragraph 15 are

28   denied.

1    16.   Defendant admits that several NCAA Division I

2 member schools are located in California and this District. All

3 other allegations in Paragraph 16 are legal arguments or

4 conclusions to which no response is required.  To the extent a

5 response is deemed required, Defendant denies the allegations.

6                     **CLASS ACTION ALLEGATIONS**

7    17.   The allegations of Paragraph 17 are legal

8 arguments or conclusions to which no response is required.  To

9 the extent a response is deemed required, Defendant denies such

10 allegations.

11    18.   Defendant lacks knowledge or sufficient

12 information to form a belief as to exact size of the Proposed

13 Class, and on that basis denies the allegation. The remaining

14 allegations of Paragraph 18 are legal arguments or conclusions to

15 which no response is required.  To the extent a response is

16 deemed required, Defendant denies such allegations.

17    19.   The allegations of Paragraph 19 are legal

18 arguments or conclusions to which no response is required.  To

19 the extent a response is deemed required, Defendant denies such

20 allegations.

21    20.   The allegations of Paragraph 20, including

22 subparagraphs 20(a) through 20(g), are legal arguments or

23 conclusions to which no response is required.  To the extent a

24 response is deemed required, Defendant denies such allegations.

25    21.   The allegations of Paragraph 21 are legal

26 arguments or conclusions to which no response is required.  To

27 the extent a response is deemed required, Defendant denies such

28 allegations.

1      22.  The allegations of Paragraph 22 are legal

2 arguments or conclusions to which no response is required.  To

3 the extent a response is deemed required, Defendant denies such

4 allegations.

5      23.  The allegations of Paragraph 23 are legal

6 arguments or conclusions to which no response is required.  To

7 the extent a response is deemed required, Defendant denies such

8 allegations.

9      24.  The allegations of Paragraph 24 are legal

10 arguments or conclusions to which no response is required.  To

11 the extent a response is deemed required, Defendant denies such

12 allegations.

13 **<u>FACTUAL ALLEGATIONS</u>**

14 **A. The NCAA and college baseball.**

15      25.  Defendant admits that its total revenue for the

16 fiscal year ending in August 2021 was approximately $1.15

17 billion. Defendant lacks knowledge or sufficient information to

18 form a belief as to the remaining allegations in Paragraph 25, and

19 on that basis denies the allegations.

20      26.  Defendant admits that attendance at college

21 baseball games has grown in the past ten years.  Defendant admits

22 that in 2022, the University of Arkansas reportedly drew an

23 average of 10,376 fans to each home baseball game, for a total of

24 363,153 fans.  Defendant admits that Louisiana State University's

25 baseball team in 2022 reportedly drew an average of 10,365 fans

26 per game for a total of 362,759 fans.  Except as admitted above,

27 Defendant denies the allegations in Paragraph 26.

28

1          27.  Defendant lacks knowledge or sufficient

2 information to form a belief as to the allegations in Paragraph

3 27, and on that basis denies the allegations.

4          28.  Defendant admits that at end of each season, it

5 organizes a championship for men's baseball that begins with 64

6 teams, that teams play the first round at 16 regional sites, and

7 the winner of each regional advances to one of eight super

8 regional series. Defendant admits that in 2021, one series drew

9 40,140 fans over three games.  Defendant lacks knowledge or

10 sufficient information to form a belief as to the truth of the

11 remaining allegations, and on that basis denies the remaining

12 allegations.

13          29.  Defendant admits the allegations in Paragraph 29.

14          30.  Defendant admits that ESPN currently has the

15 right, pursuant to a contract with the NCAA, to broadcast the

16 College World Series and other NCAA championships, including

17 women's basketball and college softball.  Defendant lacks

18 information or sufficient knowledge to form a belief as to the

19 remaining allegations in Paragraph 30, and therefore denies the

20 same.

21          31.  Defendant admits the allegations in Paragraph 31.

22          32.  Defendant admits the allegations in Paragraph 32.

23    **B. The illegal unpaid coaching position.**

24          33.  Defendant admits it is an unincorporated

25 association comprised of member schools and conferences with more

26 than 500,000 college athletes competing across three divisions—

27 Divisions I, II, and III. Defendant further admits that Division

28 I member institutions agree to abide by its Division I rules,

codified in the NCAA Division I Manual.  Defendant otherwise
denies the allegations of Paragraph 33.

      34.   Defendant admits around 300 NCAA Division I member
schools have a baseball team, and that many of these schools
compete with each other on the field and to hire coaches. To the
extent Paragraph 34 alleges member schools compete *only* with
"each other" in the "market for skilled labor, i.e., for
coaches," Defendant denies that allegation and otherwise denies
the allegations of Paragraph 34.

      35.   Defendant NCAA does not hire coaches, and on that
basis denies the allegations in Paragraph 35. Defendant otherwise
lacks sufficient knowledge or information regarding the
allegations in Paragraph 35 and on that basis denies them.

      36.   Defendant denies the allegations of Paragraph 36.

      37.   Defendant denies the allegations of Paragraph 37.

      38.   Defendant lacks sufficient knowledge or
information regarding the allegations in Paragraph 38 and on that
basis denies them.

      39.   Defendant admits the NCAA member schools and
conferences adopted Division I Bylaw 11.7.6, which imposed limits
on the number of paid baseball coaches member institutions could
hire, and Division I Bylaw 11.7.6.2.3, which  permitted a certain
number of volunteer baseball coaches to be hired in excess of the
paid-coach limits. Defendant further admits the NCAA member
schools and conferences adopted  Division I Bylaw 11.01.6, which
defined a volunteer coach as one "who does not receive
compensation or remuneration from the institution's athletics
department or any organization funded in whole or in part by the

athletics department or that is involved primarily in the promotion of the institution's athletics program." All other allegations in Paragraph 39 are legal arguments or conclusions to which no response is required. To the extent a response is deemed required, Defendant denies such allegations.

40. Defendant admits the allegations of Paragraph 40 except denies that there is an agreement between the NCAA and its member schools.

41. Defendant admits Division I Bylaws 11.7.6, 11.7.6.2.3, and 11.01.6 and related legislation were "proposed, drafted, voted upon, and agreed upon by NCAA members." The allegation that NCAA members are "horizontal competitors in the market at issue" is a legal argument or conclusion for which no response is required. To the extent a further response is deemed required, Defendant denies the remaining allegations.

42. Defendant admits NCAA Bylaw 11.7.6 previously limited each member school to only three paid baseball coaches. Defendant lacks knowledge or sufficient information to form a belief as to the truth of what Division I schools have "recognized," and on that basis deny the remaining allegations in Paragraph 42.

43. Defendant admits the NCAA member schools and conferences adopted Division I Bylaw 11.7.6, which imposed limits on the number of paid baseball coaches member institutions could hire, and Division I Bylaw 11.7.6.2.3, which  permitted a certain number of volunteer baseball coaches to be hired in excess of the paid-coach limits. Defendant further admits the NCAA member schools and conferences adopted  Division I Bylaw 11.01.6, which

1  defined a volunteer coach as one "who does not receive

2  compensation or remuneration from the institution's athletics

3  department or any organization funded in whole or in part by the

4  athletics department or that is involved primarily in the

5  promotion of the institution's athletics program."

6        44.  Defendant admits that  Division I Bylaw 11.01.6,

7  as it last appeared in the 2022-23 Division I Manual before its

8  repeal in 2023, identified a type of coaching position as a

9  "Volunteer Coach," and included the text quoted. The remaining

10  allegations in Paragraph 44 are legal arguments or conclusions to

11  which no response is required. To the extent a response is deemed

12  required, Defendant denies such allegations.

13        45.  Defendant admits that Division I Bylaw 11.01.6(b)-

14  (c), as it last appeared in the 2022-23 Division I Manual before

15  its repeal in 2023, provided that volunteer coaches "may receive

16  a maximum of two complimentary tickets to home athletics contests

17  in the coach's sport," and "may receive complimentary meals

18  incidental to organized team activities (e.g., pre- or postgame

19  meals, occasional meals, but not training table meals) or meals

20  provided during a prospective student-athlete's official visit,

21  provided the individual dines with the prospective student-

22  athlete."

23        46.  Defendant admits that pursuant to Figure 11-1,

24  section II(E), as it last appeared in the 2022-23 Division I

25  Manual, volunteer coaches were not permitted to receive life

26  insurance, health insurance, disability insurance, or tuition

27  waiver from member schools. Defendant otherwise denies the

28  allegations of Paragraph 46.

47.   Defendant admits it employs a compliance and enforcement staff that investigates violations of NCAA rules and member schools have committed to self-reporting instances of noncompliance with those rules. Defendant further admits that NCAA member schools and conferences have adopted legislation that identifies certain penalties, including fines, scholarship reductions, recruiting restrictions and limitations on competition for violating NCAA rules.  Defendant lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 47 and on that basis denies them.

48.   Defendant lacks knowledge or sufficient information to form a belief as to the truth of the scope of volunteer coaches' work expectations, hours, requirements, skills, and experience, or whether the services unpaid coaches provide have great value" to member schools, and on that basis denies the allegations of Paragraph 48.

49.   Defendant admits that Division I Bylaw 11.01.6(a), as it last appeared in the 2022-23 Division I Manual before its repeal in 2023, provided that volunteer coaches were "prohibited from contacting and evaluating prospective student-athletes off campus or from scouting opponents off campus and may not perform recruiting coordination functions." Defendant otherwise lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 49 and on that basis denies them.

50.   Defendant admits that Bylaw 11.01.6, as it last appeared in the 2022-23 Division I manual before its repeal in

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S ANSWER TO *SMART* PLAINTIFFS' CLASS
ACTION COMPLAINT

2023, defined a volunteer coach as one "who does not receive compensation or remuneration from the institution's athletics department or any organization funded in whole or in part by the athletics department or that is involved primarily in the promotion of the institution's athletics program . . . ." Defendant otherwise denies the allegations in Paragraph 50.

51.   Defendant denies the allegations of Paragraph 51.

52.   The allegations in Paragraph 52 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies such allegations.

53.   Defendant denies the allegations of Paragraph 53.

54.   The allegations in Paragraph 54 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies such allegations.

55.   Defendant admits that the NAIA's website includes the language quoted in the final sentence of Paragraph 55, but otherwise denies the allegations of Paragraph 55.

56.   Defendant denies the allegations of Paragraph 56.

57.   Defendant denies the allegations of Paragraph 57.

58.   Defendant admits that many NCAA member schools engage in competitive play with other member schools across state lines, including for baseball, and that many games are broadcast across state lines.  Defendant lacks information or knowledge sufficient to form a basis as to the remaining allegations in Paragraph 58 and therefore denies the remaining allegations.

59.   Defendant admits that Division I Proposal 2018-34 included an amendment increasing the limit on the number of paid baseball coaches schools may hire from three to four, but the proposal was defeated by the Division I membership on May 1, 2019. Defendant otherwise denies the allegations in Paragraph 59.

60.   The allegations in Paragraph 60 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies such allegations.

61.   The allegations in Paragraph 61 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies such allegations.

62.   The allegations in Paragraph 62 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies such allegations.

63.   Defendant admits that Division I schools can and do spend different amounts on coaches and facilities and that there is no draft for Division I athletics.  Defendant otherwise denies the allegations of Paragraph 63.

**C. The effect of Defendant's illegal conduct on Plaintiffs.**

*Taylor Smart*

64.   Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 64, and on that basis denies them.

65.   Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations

in Paragraph 65, and on that basis denies the allegations in Paragraph 65.

66.  Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 66, and on that basis denies the allegations in Paragraph 66.

67.  Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 67, and on that basis denies the allegations in Paragraph 67.

68.  Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 68, and on that basis denies the allegations in Paragraph 68.

69.  The allegations of Paragraph 69 are legal arguments or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies such allegations.

### *Michael Hacker*

70.  Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 70, and on that basis denies them.

71.  Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 71, and on that basis denies the allegations in Paragraph 71.

72.  Defendant lacks knowledge or sufficient information to form a belief as to the truth of the allegations

1  in Paragraph 72, and on that basis denies the allegations in
2  Paragraph 72.

3       73.  Defendant lacks knowledge or sufficient
4  information to form a belief as to the truth of the allegations
5  in Paragraph 73, and on that basis denies the allegations in
6  Paragraph 73.

7       74.  Defendant lacks knowledge or sufficient
8  information to form a belief as to the truth of the allegations
9  in Paragraph 74, and on that basis denies the allegations in
10 Paragraph 74.

11      75.  Defendant lacks knowledge or sufficient
12 information to form a belief as to the truth of the allegations
13 in Paragraph 75, and on that basis denies the allegations in
14 Paragraph 75.

15      76.  The allegations of Paragraph 76 are legal
16 arguments or conclusions to which no response is required. To the
17 extent a response is deemed required, Defendant denies such
18 allegations.

19      **COUNT I – Violations of Section 1 of the Sherman Act**
        **(Brought by Plaintiffs on Behalf of the Class)**
20

21      77.  Defendant incorporates its earlier responses to
22 the paragraphs of the Complaint referenced by Paragraph 77 and
23 denies any allegations incorporated thereby unless expressly
24 admitted in the foregoing responses to the paragraphs that
25 Paragraph 77 purports to incorporate.

26      78.  The allegations of Paragraph 78 are legal
27 arguments or conclusions to which no response is required. To the
28

extent a response is deemed required, Defendant denies such allegations.

79.   The allegations of Paragraph 79 are legal arguments or conclusions to which no response is required. To the extent a response is deemed required, Defendant denies such allegations.

80.   The allegations of Paragraph 80 are legal arguments or conclusions to which no response is required. To the extent a response is deemed required, Defendant denies such allegations.

81.   The allegations of Paragraph 81 are legal arguments or conclusions to which no response is required. To the extent a response is deemed required, Defendant denies such allegations.

82.   The allegations of Paragraph 82 are legal arguments or conclusions to which no response is required. To the extent a response is deemed required, Defendant denies such allegations.

83.   The allegations of Paragraph 83 are legal arguments or conclusions to which no response is required. To the extent a response is deemed required, Defendant denies such allegations.

84.   The allegations of Paragraph 84 are legal arguments or conclusions to which no response is required. To the extent a response is deemed required, Defendant denies such allegations.

85.   The allegations of Paragraph 85 are legal arguments or conclusions to which no response is required. To the

extent a response is deemed required, Defendant denies such allegations.

### COUNT II – Quantum Meruit Under Various State Laws
### (Brought by Plaintiffs on Behalf of the Class)

86.  Defendant incorporates its earlier responses to the paragraphs of the Complaint referenced by Paragraph 86 and denies any allegations incorporated thereby unless expressly admitted in the foregoing responses to the paragraphs that Paragraph 86 purports to incorporate.

87.  The allegations in Paragraph 87 relate to a claim that was dismissed by the Court on July 27, 2023 for failure to state a claim. ECF No. 29 at 32.  Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 87.

88.  The allegations in Paragraph 88 relate to a claim that was dismissed by the Court on July 27, 2023 for failure to state a claim. ECF No. 29 at 32.  Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 88.

89.  The allegations in Paragraph 89 relate to a claim that was dismissed by the Court on July 27, 2023 for failure to state a claim. ECF No. 29 at 32.  Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 89.

### COUNT III – Unjust Enrichment Under Various State Laws
### (Brought by Plaintiffs on Behalf of the Class)

90.  The allegations in Paragraph 90 relate to a claim that was dismissed by the Court on July 27, 2023 for failure to

-18-

state a claim. ECF No. 29 at 32.  Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 90.

91.  Defendant incorporates its earlier responses to the paragraphs of the Complaint referenced by Paragraph 91 and denies any allegations incorporated thereby unless expressly admitted in the foregoing responses to the paragraphs that Paragraph 91 purports to incorporate.

92.  The allegations in Paragraph 92 relate to a claim that was dismissed by the Court on July 27, 2023 for failure to state a claim. ECF No. 29 at 32.  Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 92.

**COUNT IV – Violation of California's Unfair Competition Law**
**(Brought by Plaintiffs on Behalf of the Class)**

93.  The allegations in Paragraph 93 relate to a claim that was dismissed by the Court on July 27, 2023 for failure to state a claim. ECF No. 29 at 32.  Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 93.

94.  The allegations in Paragraph 94 relate to a claim that was dismissed by the Court on July 27, 2023 for failure to state a claim. ECF No. 29 at 32.  Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 94 and deny any allegations incorporated thereby unless expressly admitted in the foregoing responses to the paragraphs that Paragraph 94 purports to incorporate.

95.   The allegations in Paragraph 95 relate to a claim that was dismissed by the Court on July 27, 2023 for failure to state a claim. ECF No. 29 at 32.  Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 95.

96.   The allegations in Paragraph 96 relate to a claim that was dismissed by the Court on July 27, 2023 for failure to state a claim. ECF No. 29 at 32.  Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 96.

97.   The allegations in Paragraph 97 relate to a claim that was dismissed by the Court on July 27, 2023 for failure to state a claim. ECF No. 29 at 32.  Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 97.

### COUNT V – Declaratory Judgement Act
### (Brought by Plaintiffs on Behalf of the Class)

98.   The allegations in Paragraph 98 relate to a claim that was dismissed by the Court on July 27, 2023 for failure to state a claim. ECF No. 29 at 32.  Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 98.

99.   Defendant incorporates its earlier responses to the paragraphs of the Complaint referenced by Paragraph 99 and denies any allegations incorporated thereby unless expressly admitted in the foregoing responses to the paragraphs that Paragraph 99 purports to incorporate.

1    100. The allegations in Paragraph 100 relate to a claim

2    that was dismissed by the Court on July 27, 2023 for failure to

3    state a claim. ECF No. 29 at 32.  Accordingly, no response is

4    required. To the extent a response is required, Defendant denies

5    the allegations of Paragraph 100.

6    101. The allegations in Paragraph 101 relate to a claim

7    that was dismissed by the Court on July 27, 2023 for failure to

8    state a claim. ECF No. 29 at 32.  Accordingly, no response is

9    required. To the extent a response is required, Defendant denies

10   the allegations of Paragraph 101.

11                           **PRAYER FOR RELIEF**

12   Defendant denies that Plaintiffs are entitled to any relief

13   from NCAA.

14

15                     **NCAA'S AFFIRMATIVE DEFENSES**

16   Pursuant to Fed. R. Civ. P. 8(c), Defendant asserts the

17   following affirmative defenses, without admitting that Defendant

18   would bear the burden of proof on any of the following. Defendant

19   reserves the right to supplement or amend this Answer, including

20   through the addition of further affirmative defenses, based upon

21   the course of discovery and proceedings in this action.

22                      **FIRST AFFIRMATIVE DEFENSE**

23                     **(Injunctive Relief Unavailable)**

24   The Complaint, and each and every claim for relief therein,

25   fail to allege facts sufficient to support a claim for the

26   injunctive relief described therein.

27

28

1

## SECOND AFFIRMATIVE DEFENSE

2

### (Laches)

3      The Complaint, and each and every claim for relief therein,

4  are barred in whole or in part, by the doctrine of laches.

5

## THIRD AFFIRMATIVE DEFENSE

6

### (No Causation)

7      Assuming, *arguendo*, that Plaintiff sustained a loss, injury,

8  and/or damage, either as alleged in the Complaint or otherwise,

9  such loss, injury, and/or damage are not recoverable from

10  Defendant because any alleged act or omission of Defendant was

11  not the cause of such loss, injury, and/or damage.

12

## FOURTH AFFIRMATIVE DEFENSE

13

### (No Damages)

14      Plaintiff's claims for damages are barred, in whole or in

15  part, because Plaintiff suffered no recognizable loss, injury

16  and/or damage as a result of the matters which are subject of the

17  Complaint.

18

## FIFTH AFFIRMATIVE DEFENSE

19

### (Damages Speculative and Conjectural)

20      The claims of the Plaintiffs and others claimed to be

21  members of the putative class, are barred because their alleged

22  damages are speculative and conjectural and are not capable of

23  calculation with a reasonable degree of certainty.

24

## SIXTH AFFIRMATIVE DEFENSE

25

### (Statutes of Limitations)

26      The Complaint, and each and every claim for relief therein,

27  are barred, in whole or in part, by the applicable statues of

28  limitations.

1   **<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

2   **(No Unreasonable Restraint)**

3       The claims of the Plaintiffs and alleged members of the

4   putative class are barred, in whole or in part, because the

5   actions of Defendant did not unreasonably restrain trade, but

6   were lawful, justified, and procompetitive.

7

8   **<u>NCAA'S DEMAND FOR JURY TRIAL</u>**

9       Defendant requests a trial by jury for each issue that is

10  triable before a jury.

11

12  DATED:  August 31, 2023      MUNGER, TOLLES & OLSON LLP

13

14                              By:   _/s/CAROLYN H. LUEDTKE_

15                                    CAROLYN H. LUEDTKE
                                      Attorneys for Defendant National
16                                    Collegiate Athletic Association

17

18

19

20

21

22

23

24

25

26

27

28

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S ANSWER TO *SMART* PLAINTIFFS' CLASS
ACTION COMPLAINT