1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9      EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

10  TAYLOR SMART AND MICHAEL HACKER,        CASE NO. 2:22-cv-02125-WBS-CSK
    Individually and on Behalf of
11  All Those Similarly Situated,           **CLASS ACTION**

12          Plaintiffs,                     **[PROPOSED] ORDER GRANTING MOTION
                                            FOR PRELIMINARY APPROVAL OF
13      vs.                                 SETTLEMENT**

14  NATIONAL COLLEGIATE ATHLETIC            Courtroom: 5, 14th Floor
    ASSOCIATION, an unincorporated          Judge:  The Honorable William B.
15  association;                            Shubb

16          Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

1    Having considered the Motion for Preliminary Approval of

2  Settlement, the declarations filed in support, the pleadings and

3  other papers on file in this action, the statements of counsel

4  and the parties, and the terms and conditions of the proposed

5  Settlement Agreement, the Court hereby orders that the motion is

6  GRANTED, and further orders as follows:

7        **The Settlement Class Meets the Requirements of Rule 23**

8    1.   The Settlement Agreement calls for certification of the

9  following Settlement Class:

10

          All persons who pursuant to NCAA Division I Bylaw
11        11.7.6, served as a "volunteer coach" in college
          baseball at an NCAA Division I school from November 29,
12        2018 to July 1, 2023.

13    2.   The Court finds that the Settlement Class meets all of

14  the Rule 23 class certification factors.

15    3.   The Settlement Class contains around 1,000 class

16  members. This far exceeds the presumptive threshold. Numerosity

17  is therefore satisfied.

18    4.   Adjudicating the legality of the NCAA's volunteer coach

19  rule will be a common question that drives the resolution of the

20  litigation. Rule 23(a)'s commonality requirement is met.

21    5.   The injuries alleged by the named Plaintiffs arise from

22  the same course of conduct stemming from the same uniform policy

23  that affected all members of the Settlement Class, so the named

24  Plaintiffs' claims are typical under Rule 23(a).

25    6.   The named Plaintiffs have shown that they are

26  vigorously and diligently prosecuting the case, as they have

27  responded to discovery requests and been deposed. Their interests

28

1  are aligned, and they are adequate class representatives under
2  Rule 23(a).

3      7.   Likewise, the named Plaintiffs have retained counsel
4  experienced in class actions and in antitrust actions. Their
5  counsel at Korein Tillery, LLC have vigorously prosecuted the
6  case since its inception, and through their diligence, have
7  positioned the case for a very favorable result for the class.
8  Class counsel is therefore adequate.

9      8.   The common issues in the case also predominate under
10  Rule 23(b)(3) for purposes of the Settlement Class. Several
11  important, common questions predominate, including: the existence
12  of a conspiracy, and whether the NCAA's volunteer coach bylaw
13  amounted to an unreasonable restraint of trade under antitrust
14  laws. In a related case, the Court recently held — after the
15  parties settled this case — that common issues predominated when
16  certifying a litigation class on behalf of volunteer coaches in
17  sports other than baseball who challenged the same volunteer
18  coach rule. *Ray v. NCAA*, Case No. 1:23-cv-00425-WBS, (E.D. Cal.
19  Mar. 11, 2025), ECF No. 128 at 25. The Court concludes the same
20  here for the Settlement Class.

21      9.   Also, the Court concludes that resolving this case as a
22  class on behalf of such a large number of volunteer coaches is
23  far superior to litigating hundreds of individual cases
24  separately. The superiority requirement under Rule 23(b)(3) is
25  met.

26

27

28

1   10.  The Court therefore finds that all the class
2  certification requirements of Rule 23 are met and preliminarily
3  certifies the Settlement Class for purposes of the Settlement.
4   11.  The Court appoints the named Plaintiffs, Taylor Smart
5  and Michael Hacker, as class representatives of the Settlement
6  Class.
7   12.  The Court appoints Korein Tillery, LLC, and in
8  particular Garrett R. Broshuis and Steven M. Berezney, as Class
9  Counsel of the Settlement Class.

10   **The Settlement Agreement Warrants Preliminary Approval**

11   13.  The Court concludes that the Settlement Agreement is
12  sufficiently within the range of reasonableness to warrant
13  preliminary approval. Courts may preliminarily approve a
14  settlement when it is fair, adequate, and reasonable under Rule
15  23(e). *Kabasele v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No.
16  2:21-cv-1639, 2023 WL 4747691, at *7 (E.D. Cal. July 25, 2023).
17  The Ninth Circuit's "*Churchill*" factors are to be considered:

19   (1) the strength of the plaintiff's case; (2) the risk,
     expense, complexity, and likely duration of further
20   litigation; (3) the risk of maintaining class action
     status throughout the trial; (4) the amount offered in
21   settlement; (5) the extent of discovery completed and
     the stage of the proceedings; (6) the experience and
22   views of counsel; (7) the presence of a governmental
     participant; and (8) the reaction of the class members
23   of the proposed settlement.

24  *Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021) (citing
25  *Churchill Vill. v. Gen. Elec.*, 361 F.3d 566 (9th Cir.
26  2004)).

**Proposed Order Granting Motion for Preliminary Approval**

1    14.  "Because some of these factors cannot be considered

2  until the final fairness hearing, at the preliminary approval

3  stage, the court need only determine whether the proposed

4  settlement is within the range of possible approval, and resolve

5  any glaring deficiencies in the settlement agreement before

6  authorizing notice to class members." *Kabasele*, 2023 WL 4747691,

7  at *6. The Court concludes that all relevant factors weigh in

8  favor of preliminary approval.

9    15.  The Court has reviewed the terms of the Settlement

10  Agreement. The strength of Plaintiffs' case and the risk,

11  expense, and complexity of further litigation all weigh in favor

12  of preliminary approval. The case presented many novel issues

13  that remained unresolved. Risks at several stages of the

14  litigation remained: risks at class certification, risks at

15  summary judgment, and risks at trial, as well as those arising

16  out of subsequent appeals. And antitrust cases, by their nature,

17  are highly complex and expensive.

18    16.  The Court also finds that the relief provided by the

19  Settlement Agreement strongly favors preliminary approval. The

20  Settlement establishes a fund of $49.25 million, which is close

21  to 100% of the possible actual damages owed. That is a terrific

22  result for the class given the number of novel issues and the

23  stage of this case. The fund is non-reversionary.

24    17.  The stage of the proceedings likewise favors

25  preliminary approval. The parties had completed much of fact

26  discovery, had filed class certification briefs, had filed expert

27  declarations in support of those briefs, and had deposed expert

28

1  witnesses. The parties were fully informed about the strengths

2  and weaknesses of their respective cases at the time they entered

3  into the Agreement.

4      18.  The experience and views of counsel also favor

5  preliminary approval. The parties were represented by

6  sophisticated counsel with significant experience in class

7  actions and experience in the industry. Counsel represents that

8  they carefully evaluated the risks and benefits of continued

9  litigation and concluded that this Agreement represents the best

10  possible outcome for class members.

11      19.  The Court finds that the Settlement Agreement was

12  negotiated at arm's length and is not collusive. The parties

13  engaged in a formal mediation session with a respected mediator.

14  The parties then resumed settlement discussions after undertaking

15  further discovery and briefing. Therefore, both sides have

16  zealously advocated for their respective clients, and there is no

17  sign of collusion.

18      20.  The Court finds that the Settlement Agreement does not

19  call for preferential treatment of class representatives or of

20  certain segments of the class. An objective formula will be used

21  to calculate the amount owed to a class member. And while the

22  Court will reserve a final decision on the amount to be awarded

23  as incentive awards to the named Plaintiffs, the Court finds that

24  the proposed incentive awards are within the realm of

25  reasonableness to warrant preliminary approval.

26      21.  The Court has reviewed the releases that are set forth

27  in the Settlement Agreement. The releases are tied to claims that

28

1  were pled or that could have been pled in the operative

2  complaint. The Court finds that the releases are fair and

3  reasonable under the circumstances.

4      22.  The Court will reserve a final decision on the amount

5  of attorneys' fees and costs to be awarded until after the final

6  approval hearing, but the Court finds that Class Counsel's

7  proposed fee and cost award are within the realm of

8  reasonableness to warrant preliminary approval. Class Counsel has

9  litigated this novel and complex case on a contingent basis and

10  achieved excellent results.

11      **The Notice to Be Sent and Schedule to Be Followed**

12      23.  The Court appoints Kroll Settlement Administration as

13  the Settlement Administrator. The Court finds that Kroll has

14  extensive experience in the administration of large class action

15  settlements, and will adequately perform the administrative role.

16      24.  The Court approves the form of the email, postcard, and

17  long-form notices attached as Exhibits A-C and directs Kroll to

18  commence the notice campaign within 14 days of this Order, or as

19  soon as practicable. The parties may make non-substantive edits

20  to the notice without Court approval. The Court finds that the

21  proposed form and method of notice is the best practicable under

22  the circumstances and, when completed, shall provide due and

23  sufficient notice of the Settlement and of the final approval

24  hearing in full compliance with the Federal Rules of Civil

25  Procedure.

26      25.  The Court hereby sets the below schedule for the

27  dissemination of notice to potential members of the Settlement

28

Class, for members of the Settlement Class to object to or exclude themselves from the Settlement Agreement, and for the Court's Fairness Hearing, at which time the Court will determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. The Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting the Parties will not be required to provide any additional notice to Settlement Class members.

| Event | Date |
|---|---|
| Deadline for the Settlement Administrator to Commence Notice to the Class ("Notice Date") | [DATE] (14 days after this Order, or as soon as practicable) |
| Deadline for Plaintiffs to File Their Petition for Attorneys' Fees, Litigation Costs, and Incentive Awards | [DATE] (30 days before End of Notice Period) |
| Deadline for Class Members to Opt-Out, Object, or Take Other Actions Relating to the Settlement ("End of Notice Period") | [DATE] (60 days after the Notice Date) |
| Plaintiffs to File their Motion for Final Approval of the Settlement; and Respond to Any Class Member Objections | [DATE] (15 days after End of Notice Period) |
| Final Fairness Hearing | [DATE] (approximately 35 days after the filing of Plaintiffs' Motion for Final Approval) |

Proposed Order Granting Motion for Preliminary Approval

1   It is so ordered.

2   DATE:

3

4                                           _/s/_ _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Order Granting Motion for Preliminary Approval**

# Exhibit A

From:

To:

Subject: Email Notice of Proposed Class Action Settlement

Class Member ID: <<RefNum>>

## This is a Court-authorized Notice. If you served as the "volunteer coach" for an NCAA Division I baseball program between November 29, 2018 and July 1, 2023, your rights are affected by a class action Settlement. If you would like a payment under the Settlement, you <u>must</u> fill out a W-9 Form at website.com by DATE.

*Smart et al. v. National Collegiate Athletic Association*
No. 2:22-cv-02125 (E.D. Cal.)

**Why am I receiving this email Notice?** You are receiving this Notice to inform you that the Court has preliminarily approved a proposed Settlement of the case and to give you information about your legal rights under the Settlement. You have been identified as a potential Class Member in this case and may be eligible to receive money from the Settlement. This lawsuit involves a National Collegiate Athletic Association ("NCAA") Division I rule that previously designated a category of Division I baseball coaches as "volunteer coaches." The rule, officially found at NCAA Bylaw 11.7.6, was in effect from 1992 until July 1, 2023. Two former Division I baseball volunteer coaches (Taylor Smart and Michael Hacker) brought this case against the NCAA alleging that the rule violated antitrust laws.

The NCAA denies all claims in the lawsuit. The Parties have agreed to settle the case at this time to avoid the uncertainty and cost of trial and any potential appeal.

**Who is a Class Member?** You are affected by the Settlement and potentially a Class Member if you are a person who served as a "volunteer coach" as defined by NCAA Division I Bylaw 11.01.6 in men's baseball from November 29, 2018 to July 1, 2023.

**What are the benefits?** The NCAA has agreed to pay a total gross Settlement Fund of $49,250,000 to settle the case. If you participate in the Settlement, you will receive a share of this money. An expert economist will deduct the following amounts from the Settlement Fund: (i) any Court-awarded attorneys' fees (which will be no more than 30% of the Settlement Fund, or $14,775,000) and costs and expenses (estimated to be no more than $1.5 million); (ii) any Court-awarded service awards for the class representatives/named Plaintiffs (which will not exceed $15,000 total); and (iii) the fees and expenses for Settlement administration. The minimum amount to be paid (before fees and costs) per full academic year per Class Member will be **$5,000.**

**How do I get benefits?** If you are an eligible Class Member, you will receive your share of money under the Settlement and be bound by the Settlement and its release of claims. To receive a payment, **you must go to www.website.com and complete a W-9 form**. Payments will be made via check and mailed to you unless you select an electronic payment option by visiting www.website.com. You can update your address or select an electronic payment option on the Settlement website at www.website.com. You have until Month 00, 2025 to do so.

**TO RECEIVE ANY PAYMENT, YOU <u>MUST</u> SUBMIT A W-9 FORM ONLINE AT WWW.WEBSITE.COM**

**What are my other options?** If you **Do Nothing,** you will receive a payment, but you must complete a W-9 form online. You will be legally bound by the terms of the Settlement, and you will release your claims against Defendant and other Released Parties as defined in the Settlement Agreement. You may **Opt-Out** of or file an **Objection** to the Settlement and/or attorneys' fees, costs, and service awards by <<**the response deadline>>**. Please visit **www.website.com** for more information on how to receive a benefit, submit a Request for Exclusion and exclude yourself from or object to the Settlement.

**Do I have a lawyer in this case?** Yes, the Court appointed the law firm of Korein Tillery, LLC and two of its attorneys—Garrett Broshuis and Steven Berezney—to represent you and other Class Members. You will not be charged directly for these lawyers; instead, they will receive compensation from the Settlement Fund (subject to Court approval). If you want to be represented by your own lawyer, you may hire one at your own expense.

**The Court's Final Fairness Hearing.** The Court is scheduled to hold a Final Fairness Hearing on **DATE** at **TIME** PT, to consider whether to approve the Settlement, the attorneys' fees and expenses, up to 30% of the Settlement Fund ($14,775,000), plus reimbursement of costs and expenses of approximately $1.5 million, and service award payments of $7,500 to each named Plaintiff. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to attend.

This email Notice is only a summary. For more information or to change your address, visit **www.website.com** or call toll-free **(XXX) XXX-XXXX**.

**PLEASE DO NOT CONTACT THE COURT OR CLERK OF THE COURTFOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT**

Please monitor https://www.website.com/ for updates or call (XXX) XXX-XXXX.

This email was sent to you because you are a Class Member.| Unsubscribe

Please do not reply to this email, it is sent from an unmonitored mailbox.

# Exhibit B

*<<Settlement Caption>>*
c/o Kroll Settlement Administration LLC
New York, NY 10150-XXXX

FIRST-CLASS MAIL
U.S. POSTAGE PAID
XXXXX
PERMIT NO. XXXX

**ELECTRONIC SERVICE REQUESTED**

**COURT APPROVED LEGAL NOTICE**

*Smart et al. v. National Collegiate Athletic Association*
No. 2:22-cv-02125 (E.D. Cal.)

If you served as the "volunteer coach" for an NCAA
Division I baseball program between November 29,
2018 and July 1, 2023, your rights are affected by a
class action settlement. If you would like a payment
under the settlement, you must fill out a W-9 Form at
website.com by DATE.

*This is not a solicitation from a lawyer.*

For more information about the Settlement
and how to receive benefits visit or call:

www.website.com
(XXX) XXX-XXXX

<<Refnum Barcode>>

CLASS MEMBER ID: <<Refnum>>

**Postal Service: Please do not mark barcode**

<<FirstName>> <<LastName>>
<<Address1>>
<<Address2>><<City>>, <<State>> <<Zip>>

**What is this lawsuit about?** This lawsuit involves a National Collegiate Athletic Association ("NCAA") rule that previously designated a category of Division I baseball coaches as "volunteer coaches." The rule, officially found at NCAA Division I Bylaw 11.7.6, was in effect from 1992 until July 1, 2023. Two former Division I baseball volunteer coaches (Taylor Smart and Michael Hacker) brought this case against the NCAA alleging that the rule violated antitrust laws. The NCAA denies all claims in the lawsuit. The Parties have agreed to settle the case at this time to avoid the uncertainty and cost of trial and any potential appeal.

**Who is a Class Member?** You are affected by the Settlement and potentially a Class Member if you are a person who served as a "volunteer coach" as defined by NCAA Division I Bylaw 11.01.6 in men's baseball from November 29, 2018 to July 1, 2023.

**What are the benefits?** The NCAA has agreed to pay a total Settlement Fund of $49,250,000 to settle the case. If you participate in the Settlement, you will receive a share of this money. An expert economist will deduct the following amounts from the Settlement Fund: (i) any Court-awarded attorneys' fees and costs (estimated to be no more than $16.275 million); (ii) any Court-awarded service awards for the class representatives/named Plaintiffs (which will not exceed $15,000 total); and (iii) the fees and expenses for Settlement administration. The minimum amount to be paid per full academic year per Class Member (before costs and fees) will be **$5,000**.

**How do I get benefits?** If you are an eligible Class Member, you will receive your share of money under the Settlement and be bound by the Settlement and its release of claims. To receive a payment, you must go to **www.website.com** and complete a W-9 form. Payments will be made via check and mailed to you unless you select an electronic payment option by visiting **www.website.com**. You can update your address or select an electronic payment option on the Settlement website at **www.website.com**. You have until **Month 00, 2025** to do so.

**What are my other options?** If you **Do Nothing,** you will receive a payment, but you must complete a W-9 form online. You will be legally bound by the terms of the Settlement, and you will release your claims against Defendant and other Released Parties as defined in the Settlement Agreement. You may **Opt-Out** of or file an **Objection** to the Settlement and/or attorneys' fees, costs, and service awards by **<<the response deadline>>**. Please visit **www.website.com** for more information on how to opt-out or object.

**Do I have a lawyer in this case?** Yes, the Court appointed the law firm of Korein Tillery, LLC and two of its attorneys—Garrett Broshuis and Steven Berezney—to represent you and other Class Members. You will not be charged directly for these lawyers; instead, they will receive compensation from the Settlement Fund (subject to Court approval). If you want to be represented by your own lawyer, you may hire one at your own expense.

**The Court's Final Fairness Hearing.** The Court is scheduled to hold a Final Fairness Hearing on **DATE at TIME PT**, to consider whether to approve the Settlement, the attorneys' fees and expenses, up to 30% of the Settlement Fund ($14.775 million), plus reimbursement of costs and expenses of approximately $1.5 million, and service award payments of $7,500 to each named Plaintiff. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to attend.

**This Notice is only a summary.** For more information or to change your address, visit **www.website.com** or call toll-free **(XXX) XXX-XXXX**

# Exhibit C

NOTICE OF CLASS ACTION SETTLEMENT

# If you served as the "volunteer coach" for an NCAA Division I baseball program between November 29, 2018 and July 1, 2023, your rights are affected by a class action Settlement.

*A federal court authorized this Notice.*
*This is not a solicitation from a lawyer.*

This Notice is to inform you of your legal rights and options in a proposed Settlement in the case called *Smart et al. v. National Collegiate Athletic Association*, No. 2:22-cv-02125 (E.D. Cal.). **Please read this Notice carefully.**

This is an antitrust case involving baseball coaches who served in the position designated as "volunteer coach" under National Collegiate Athletic Association ("NCAA") Division I rules. Eligible Class Members will receive a share of the Settlement money based on several factors, including the school that they served at and the number of years served within the relevant period, as explained in Section 6 below. Records indicate that you served as the volunteer coach for an NCAA Division I baseball program between November 29, 2018 and July 1, 2023. If those records are accurate, below is a summary of your rights and options.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | If you are an eligible Class Member and do nothing other than submit your address and W-9, you will receive your share of money under the Settlement and be bound by the Settlement and its release of claims.<br><br>• Payments will be made via check and mailed to you <u>unless you select an electronic payment option</u> by visiting the Settlement website, **www.website.com**.<br>• You can update your address or select an electronic payment option on the Settlement website at: [INSERT] You have until **Month 00, 2025** to do so.<br>• **To receive a payment, you <u>must</u> complete a W-9 form at www.website.com.** |
| **EXCLUDE YOURSELF OR "OPT OUT"** | If you do not wish to participate or be bound by the Settlement and Plaintiff Released Claims, you must send a Request for Exclusion to the Settlement Administrator by **Month x, 2025**. Instructions for sending a Request for Exclusion are provided in Section 14 below.  If you exclude yourself from ("opt out" of) the Settlement, you <u>will not</u> receive any payment under the Settlement. |
| **OBJECT** | If you do not exclude yourself from the Settlement and you do not believe that the Settlement is fair and reasonable, you may write to the Court to tell it why.  Written objections must be submitted to the Court by **Month x, 2025**. If the Court rejects your objection, you will be bound by the terms of the Settlement. |

| WHAT THIS NOTICE CONTAINS |
|---|

**Basic Information**......................................................................................................................**3**

    1.    What is the purpose of this Notice?.........................................................................3

    2.    What is the lawsuit about and who is involved?.....................................................3

    3.    What is a class action?............................................................................................3

    4.    Who is in the Settlement Class in this case?..........................................................3

    5.    Who represents the Settlement Class?....................................................................4

**The Settlement Benefits**...........................................................................................................**4**

    6.    What are the benefits under the proposed Settlement?..........................................4

    7.    What am I giving up in return for receiving the Settlement benefits?....................5

    8.    How will Class Counsel be paid?............................................................................5

    9.    Why are the named Plaintiffs asking for service awards?......................................5

**Your Rights and Options**.........................................................................................................**5**

    10.    What are my options under the Settlement?...........................................................5

    11.    How do I participate in the Settlement and receive money from it?.......................6

    12.    How do I update my contact information, receive an electronic payment?............6

    13.    What if I have an objection to the Settlement?......................................................6

    14.    How do I exclude myself from (opt out of) the Settlement Class?.........................7

    15.    What happens if I exclude myself from (opt out of) the Settlement Class?...........7

    16.    What happens if I stay in the Settlement Class?....................................................7

**The Final Fairness Hearing**....................................................................................................**8**

    17.    When and where will the Court decide whether to approve the Settlement?..........8

**Getting More Information**.......................................................................................................**8**

    18.    How do I get more information?.............................................................................8

52854969.1

2

Questions? Visit www.[INSERT].com or call toll-free at [INSERT]

## BASIC INFORMATION

| 1. | What is the purpose of this Notice? |
|---|---|

This Notice is to inform you that the Court has preliminarily approved a proposed Settlement of the case and to give you information about your legal rights under the Settlement. You have been identified as a potential Class Member in this case and may be eligible to receive money from the Settlement.

The Court has scheduled a hearing on whether to finally approve the Settlement on _____, 2025 at _____ ___.m. in Courtroom 5, 14th Floor, U.S. District Court for the Eastern District of California, 501 I Street, Sacramento, CA 95814. The date of the hearing may change without further notice to the class, so check the Settlement website or the Court's Public Access to Court Electronic Records ("PACER") website (see Section 18, below) to confirm the date and whether the hearing will be conducted in person or remotely.

| 2. | What is the lawsuit about and who is involved? |
|---|---|

This lawsuit involves an NCAA Division I rule that previously designated a category of Division I baseball coaches as "volunteer coaches." The rule, officially found at NCAA Bylaw 11.7.6, was in effect from 1992 until July 1, 2023. Two former Division I baseball volunteer coaches (Taylor Smart and Michael Hacker) brought this case against the NCAA alleging that the rule violated antitrust laws.

The NCAA denies all claims in the lawsuit. The Parties have agreed to settle the case at this time to avoid the uncertainty and cost of trial and any potential appeal.

The judge in the case is the Honorable William B. Shubb. He is a federal judge for the United States District Court for the Eastern District of California.

This case was filed as a class action.

| 3. | What is a class action? |
|---|---|

In a class action lawsuit, one or more people or businesses called class representatives (i.e., the Plaintiffs) sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action, or be bound by the judgment in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

This is a type of class action that involves claims for money damages. The "class definition" identifies who is included in the class.

Class Members do not have to do anything to be included in the class. Potential Class Members who do *not* wish to be included in the class must affirmatively "opt out" by requesting that the court exclude them. Any person included in the class definition who does not opt out of a class will be bound by any judgment or Settlement entered in the case.

| 4. | Who is in the Settlement Class in this case? |
|---|---|

This proposed Settlement Class is defined as follows:

- All persons who, pursuant to NCAA Division I Bylaw 11.7.6, served as a "volunteer coach" in college baseball at an NCAA Division I school from November 29, 2018, and July 1, 2023.

You do not need to take any action to become a Class Member if you meet the definition above. We have identified the persons in the Settlement Class from records produced in the case and from public records.

3

Questions? Visit www.[INSERT].com or call toll-free at [INSERT]

| 5. | Who represents the Settlement Class? |
|---|---|

The Court appointed the law firm of Korein Tillery, LLC and two of its attorneys—Garrett Broshuis and Steven Berezney—as Class Counsel to represent Class Members. Contact information for the lead attorneys working on the case from this firm is listed below:

Garrett R. Broshuis

**KOREIN TILLERY, LLC**

505 North 7th Street, Suite 3600

St. Louis, MO 63101

(314) 241-4844

gbroshuis@koreintillery.com

Steven M. Berezney

**KOREIN TILLERY, LLC**

505 North 7th Street, Suite 3600

St. Louis, MO 63101

(314) 241-4844

sberezney@koreintillery.com

If you want to be represented by your own lawyer, you are free to hire one at your own expense.

## THE SETTLEMENT BENEFITS

| 6. | What are the benefits under the proposed Settlement? |
|---|---|

A summary of the monetary benefits the proposed Settlement provides to Class Members is as follows.

### Monetary benefits

The NCAA has agreed to pay a total gross amount of $49,250,000 to settle the case (the Settlement Fund). If you participate in the Settlement and provide your address and the required W-9, you will receive a share of this money. Each Class Member's "settlement payment" will be determined as summarized below.

First, an expert economist will deduct the following amounts from the Settlement Fund: (i) any Court-awarded attorneys' fees (which will be no more than 30% of the settlement fund, or $14,775,000) and costs and expenses (estimated to be no more than $1.5 million); (ii) any Court-awarded service awards for the class representatives/named Plaintiffs (which will not exceed $15,000 total); and (iii) the fees and expenses for Settlement administration.

The amount remaining after these deductions will be the "net settlement fund." Each Class Member's Settlement payment will consist of his proportional share of the net settlement fund.

To calculate each Class Member's proportional share, the expert will use the available records to determine the school(s) that the Class Member worked for, and the years worked between November 29, 2018, and July 1, 2023.

The expert will use records showing the salaries being paid to Division I third assistant coaches after July 1, 2023, to estimate the potential damages for each Class Member. The expert takes into account inflation-related factors, meaning that the number is reduced by each year in the relevant period. If the expert lacks records for a particular school, the expert will estimate the potential damages for the affected Class Member by looking at records from other schools. The minimum amount to be paid per full academic year per Class Member will be **$5,000**.

The expert will add up each participating Class Member's "individual damages" to get the aggregate total for all participating Class Members. The expert will then calculate each Class Member's proportional share of the net settlement fund and resulting individual settlement payment. Thus, the payments will vary depending on the school the class member coached at and the number of years coached within the class period.

Be aware that Class Member's Settlement payment may be taxable. We are not tax advisors. If you have questions regarding any issues relating to taxes, please check with your tax professional.

52854969.1

4

Questions? Visit www.[INSERT].com or call toll-free at [INSERT]

| 7. | What am I giving up in return for receiving the Settlement benefits? |
|---|---|

In order to receive the monetary benefits, participating Class Members must give the Released Parties (defined below) a release of claims. A release of claims is where one party agrees to give up legal claims (or causes of action) he has against another party in exchange for something of value. A release operates to cut off the releasing party's ability to sue the released party on the released claims. The scope of those claims that you would be giving up is described in "Released Claims" below.

The claims and parties you will release if you remain in the Settlement Class are described in detail in the Settlement Agreement. In summary:

The Released Parties: the NCAA and all of the NCAA's past or present members with any Division I baseball programs from November 29, 2018 to July 1, 2023 as well as all of the directors, trustees, officers, employees, subsidiaries, parents, legal representatives, predecessors, successors, affiliates, agents, attorneys, shareholders, related entities and divisions, and their successors and assigns of the Defendant and its past or present members with Division I baseball programs during the Class Period.

The Plaintiff Released Claims: Any and all claims from November 29, 2018 until July 1, 2023 that any Division I volunteer baseball coach has asserted or could have asserted as of January 31, 2025, known or unknown, including for the avoidance of doubt any claim for unpaid wages, benefits, or bonuses, or any claim for damages for lost opportunities, interference with contract, or restraint of trade. Plaintiff Released Claims include, without limitation, any claims for compensation, benefits, penalties or any other recovery on the theory that any Division I volunteer baseball coach was an employee of, or a contractor for, any Released Parties, and thus include, without limitations, claims under state and federal minimum wage laws, the federal Fair Labor Standards Act, state and local wage and hour statutes and laws, including without limitation any claims under the California Labor Code and California Labor Code section 2698 et seq. specifically as well as California Business & Professions Code section 17200 and equivalent statutes from other states.

| 8. | How will Class Counsel be paid? |
|---|---|

Class Counsel will request an award of attorneys' fees of up to 30% of the Settlement Fund, or $14,775,000, and reimbursement of costs and expenses of up to $1.5 million. These costs consist primarily of amounts paid for deposition transcripts, travel for depositions and mediation, expert witness fees, and plaintiffs' portion of the mediator's fee. Class Counsel's motion for an award of fees and costs will include the final amount of fees and costs requested and the supporting law and facts. The motion will be filed with the Court by _____, 2025 and will be posted at [WEBSITE]. The Court will determine the actual amounts to award to Class Counsel for fees and costs after the Final Fairness Hearing once it has ensured the amounts are reasonable. The Settlement Administrator will pay any court-awarded attorneys' fees and costs directly from the Settlement Fund.

| 9. | Why are the named Plaintiffs asking for service awards? |
|---|---|

In addition to any amount they are entitled to receive by participating in the Settlement, the two named Plaintiffs who brought this lawsuit will ask the Court to approve "service awards" for them. Service Awards are amounts given to individuals who bring a class action to recognize the risk they took in bringing the lawsuit and the effort they put into advancing the interests of the class by doing things like answering written discovery and sitting for depositions. The two named Plaintiffs will request service awards of $7,500 each. The motion for service awards will be filed with the Court by _____ and will be posted at [WEBSITE]. The Court will decide the actual amount, if any, of the service award to be given to each named Plaintiff after the Final Fairness Hearing.

52854969.1

5

Questions? Visit www.[INSERT].com or call toll-free at [INSERT]

## YOUR RIGHTS AND OPTIONS

| | |
|---|---|
| **10.** | **What are my options under the Settlement?** |

You have several options: 1) participate in the Settlement and receive your share of the net settlement fund; 2) object to the Settlement by submitting a written objection; or 3) opt out of the Settlement by submitting a written Request for Exclusion. Details about each option and how each option will affect your legal rights are explained below. You can both participate in the Settlement and object, but if you opt out of the Settlement, you cannot participate in the Settlement or object.

| | |
|---|---|
| **11.** | **How do I participate in the Settlement and receive money from it?** |

Once the Settlement approval process and Settlement administration process is finalized Class Members will be sent a check for their share of the Settlement proceeds. *Class Members must visit* [WEBSITE] *to provide an address or other information to allow for an electronic payment by* **[the response deadline]**.  In addition, Class Members must also provide the Settlement Administrator W-9 information as the Settlement payments may be taxable to the Class Member.

To update a mailing or e-mail address, or if a Class Member would like to receive their payment electronically rather than by a paper check, they should visit [WEBSITE] by **[the response deadline]** and follow the instructions to notify the Settlement Administrator.

Payments will be made after Final Approval by the Court and after the Settlement becomes "effective." The Settlement will become effective after the time for appealing the Court's decision granting Final Approval of the Settlement has passed or, if an appeal is filed, after all appeals are finally resolved in favor of Final Approval.

If you accept a payment under the settlement, you will be deemed to have opted in to the litigation for purposes of any claims under the Fair Labor Standards Act under federal law, which are part of the claims that will be released if you do not opt out of the settlement.

If you do not cash your Settlement check within 120 calendar days of receipt, we will consider your share "unclaimed." If 120 days have passed, Class Members will have 30 calendar days to contact the Settlement Administrator to request that a check be re-issued. The Settlement Administrator will use any unclaimed funds to make a second *pro rata* distribution to those Class Members who did timely accept their Settlement payments unless Class Counsel and the Settlement Administrator conclude the total amount of unclaimed funds is too small to justify a second distribution. If that happens, the unclaimed funds will instead be paid to a court-appointed charity under the doctrine of "*cy pres*." Plaintiffs have asked the Court to appoint the American Baseball Coaches Association as the *cy pres* awardee in this case, and the Court will consider the matter at the Final Fairness Hearing.

If the Court grants Final Approval of the Settlement, no amount of money will be returned to Defendant under any circumstances. In other words, every penny of the maximum settlement amount will go to Class Members, their counsel, Settlement administration costs, and any *Cy Pres* Awardee.

| | |
|---|---|
| **12.** | **How do I update my contact information, receive an electronic payment?** |

Please visit [WEBSITE] by **[the response date]** and follow the instructions if you need to do any of the following:

- Update an e-mail or physical mailing address; or
- Request an electronic payment rather than a check.

| | |
|---|---|
| **13.** | **What if I have an objection to the Settlement?** |

52854969.1

6

Questions? Visit www.[INSERT].com or call toll-free at [INSERT]

Participating Class Members who do not submit a Request for Exclusion may object to the Settlement. Class Members can ask the Court to deny approval by filing an objection. One cannot ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement payments will be made and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing. If a Class Member files a timely written objection, they may, but are not required to, appear at the Final Fairness Hearing, either in person or through their own attorney. If a Class Member appears through their own attorney, they are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number *Smart v. National Collegiate Athletic Association*, No. 2:22-cv-02125 (E.D. Cal.), (b) be submitted to the Court either by mailing them or submitting them in person to the Office of the Clerk, addressed below, or by electronically filing them with the Court, and (c) be filed or postmarked on or before **[response deadline]**.

| Clerk of the Court |
|:---:|
| Clerk of the Court<br>United States District Court for the Eastern District of California<br>501 I Street<br>Sacramento, CA 95814 |

EVEN IF A CLASS MEMBER OBJECTS, THEY WILL BE CONSIDERED TO HAVE PARTICIPATED IN THE SETTLEMENT AND WILL RECEIVE THEIR SHARE OF THE SETTLEMENT FUND AND BE BOUND BY THE RELEASE OF CLAIMS IF THE COURT APPROVES THE SETTLEMENT OVER THEIR OR ANY OTHER OBJECTION.

## 14.    How do I exclude myself from (opt out of) the Settlement Class?

If you do not want to be included in the Settlement Class, you need to "opt out" by mailing a Request for Exclusion to the Settlement Administrator, which must be postmarked by **[the response deadline].** The mailing address for the administrator can be found at the end of this notice.

The Request for Exclusion must contain: (1) the name and case number of this lawsuit (*Smart v. National Collegiate Athletic Association*, No. 2:22-cv-02125 (E.D. Cal.)); (2) your name; (3) your address, phone number, and e-mail address; (4) the school(s) and approximate dates you served as a "volunteer coach"; (5) a simple statement that you wish to exclude yourself from the class; and (6) your signature.

You will remain a member of the class if you do not timely opt out.

## 15.    What happens if I exclude myself from (opt out of) the Settlement Class?

If you timely submit a written Request for Exclusion from the class in the manner described above, you will not be a member of the class. You will not participate in these proceedings or the Settlement. You will not be subject to the release of claims or receive any money from the Settlement.

## 16.    What happens if I stay in the Settlement Class?

Class Members will be bound by the Settlement and the judgment the Court enters in the case. If finally approved, the Settlement Agreement will have the same force and effect on absent Class Members as if each of them had signed it personally. This includes any applicable release of claims. Unless you timely request exclusion in the manner described above, the Plaintiff Released Claims applies to you *regardless of whether you accept payment under the Settlement or object*.

## THE FINAL FAIRNESS HEARING

| **17.** | **When and where will the Court decide whether to approve the Settlement?** |
|---|---|

The Court will hold a Final Fairness Hearing at \_\_\_\_\_ \_\_.m. on _____, 2025, at the U.S. District Court for the Eastern District of California, Courtroom 5, 14th Floor, 501 I Street, Sacramento, CA 95814. The hearing may be conducted remotely via video or telephone conference as determined by the Court. At the hearing, the Court will listen to anyone who wishes to speak in support of or in opposition to the Settlement and will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider Class Counsel's request for attorneys' fees and costs and the request for the named Plaintiffs' service awards. The Court may reschedule the Final Fairness Hearing without further notice to the classes. Please check [WEBSITE] or the Court's PACER system to verify the date has not changed and whether the hearing will be conducted in person or remotely.

WHILE YOU ARE WELCOME TO ATTEND THE FINAL FAIRNESS HEARING EITHER PERSONALLY OR BY COUNSEL HIRED AT YOUR OWN EXPENSE, YOU DO NOT NEED TO APPEAR. CLASS COUNSEL WILL APPEAR AT THE HEARING ON BEHALF OF THE SETTLEMENT CLASSES, INCLUDING YOU.

## GETTING MORE INFORMATION

| **18.** | **How do I get more information?** |
|---|---|

This Notice only summarizes the proposed Settlement. You can find the Settlement Agreement and other important documents in the case on the Settlement website:

[WEBSITE]

You may access the Court docket and any other publicly filed documents in this case, for a fee, through the Court's PACER system at https://ecf.caed.uscourts.gov., or by visiting the office of the Clerk of the Court for the United States District Court for the Eastern District of California, Sacramento Courthouse.

PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE SETTLEMENT PROCESS.

If you have questions about the Settlement or Settlement process, please contact Class Counsel (contact information in Section 5, above) or the court-appointed Settlement Administrator, Kroll Settlement Administration LLC:

E-mail: [INSERT]

Phone: [INSERT]

Mailing Address: <<Settlement caption>>, c/o Kroll Settlement Administration LLC, P.O. Box XXXX New York, NY 10150-XXXX

52854969.1

8

Questions? Visit www.[INSERT].com or call toll-free at [INSERT]